UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GREGORY RENARD WASHINGTON,

     *Plaintiff,*

v.                            Case No. 3:26-cv-156-JEP-LLL

SERGEANT BOWERS, et al.,

     *Defendants.*

_____/

## **ORDER**

Plaintiff, an inmate of the Florida Department of Corrections, initiated this action by filing a complaint for the violation of civil rights under 42 U.S.C. § 1983 (Docs. 1, 1-1). Plaintiff alleges his electronic tablet was broken at Martin Correctional Institution, it was stolen and dismantled for parts at South Florida Reception Center, and, because of the damage to his tablet—which he did not cause—he was fined and issued two disciplinary reports at Hamilton Correctional Institution (HCI). *See* Doc. 1-1 at 1–2. According to grievance records, the company that issues tablets to inmates, JPay Securus, suspended Plaintiff from its services for one year, through July 30, 2026. *Id.* at 8. As Defendants, Plaintiff names two property sergeants at HCI and JPay. *See* Doc. 1 at 2–5. However, he does not identify any discrete claims against the named Defendants but merely cites the First and Fifth Amendments to the United

States Constitution, presumably because he was suspended from the electronic tablet program and incurred debt and disciplinary reports for damage he did not cause. *See id.* at 3.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). *See also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555). A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001)

(quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)). In reviewing a complaint, a court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding *pro se*. *Iqbal*, 556 U.S. at 678.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. *Salvato v. Miley*, 790 F.3d 1286, 1295 (11th Cir. 2015); *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam); *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam).

Plaintiff's complaint is subject to dismissal under the PLRA. As noted, Plaintiff does not identify discrete claims against the named Defendants, and he has not alleged facts that, liberally construed, give rise to claims under the First or Fifth Amendments. *See O'Bryant v. Finch*, 637 F.3d 1207, 1212 (11th Cir. 2011) (setting forth the elements of a retaliation claim); *Al-Amin v. Smith*, 511 F.3d 1317, 1332 (11th Cir. 2008) (setting forth the narrow circumstances in which an inmate alleges a plausible claim for a denial of access to the courts); *see also Buxton v. City of Plant City, Fla.*, 871 F.2d 1037, 1041 (11th Cir. 1989)

3

(explaining that the Fifth Amendment restrains federal actors, while the Fourteenth Amendment restrains state actors).[1]

To the extent Plaintiff suggests his suspension from the electronic tablet program violates the Fifth Amendment's Takings Clause, it does not. *See Knick v. Twp. of Scott, Pa.*, 588 U.S. 180, 184 (2019) ("The Takings Clause of the Fifth Amendment states that 'private property [shall not] be taken for public use, without just compensation.'"). Even if the electronic tablet could have been considered Plaintiff's private property, it was not taken for public use. Plaintiff also does not state a plausible claim under § 1983 for a violation of the Fourteenth Amendment's Due Process clause. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (providing that a negligent or intentional deprivation of personal property does not constitute a Fourteenth Amendment due process violation 'if a meaningful postdeprivation remedy for the loss is available'"); *see also Case v. Eslinger*, 555 F.3d 1317, 1331 (11th Cir. 2009) (recognizing Florida's civil cause of action for conversion provides an adequate postdeprivation remedy when law enforcement officers seize or retain personal property).

---

[1] It is unclear whether JPay is a "state actor" under § 1983. Regardless, assuming for purposes of this Order that it is, Plaintiff does not state a plausible claim for relief.

Accordingly, it is now **ORDERED AND ADJUDGED:**

1. This case is **DISMISSED** without prejudice.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida, on March 19, 2026.

_____

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

Jax-6
c:
Gregory Renard Washington